# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNETTE ASHE,** | : | CIVIL ACTION NO: 1:18-CV-605 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **SHANNON RYAN,** | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Annette Ashe ("Ashe") filed the instant action against her daughter, *pro se* defendant Shannon Ryan ("Ryan"), asserting breach of contract and unjust enrichment claims. (Doc. 1). Ryan filed a motion to dismiss and for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. (Doc. 7). For the reasons that follow, we will deny the motion.

## I.    Factual Background & Procedural History

Ashe took out several Parent PLUS Loans ("Parent PLUS Loans" or "the loans") to pay for Ryan's undergraduate and graduate degrees. (Doc. 1 ¶¶ 4-6). According to the complaint, Ryan verbally agreed to make all payments on the loans after graduation. (Id. ¶ 6). Ashe claims that Ryan acknowledged her promise to repay many times, both in writing and orally. (Id. ¶¶ 7-8, 21). After graduating, Ryan made payments on the loans for several years. (Id. ¶ 14). Ryan stopped making payments in late 2016, ostensibly because of an unrelated disagreement with her mother. (Id. ¶¶ 15-16). In response, Ashe has assumed responsibility

for making payments on the loans, which have a total balance $103,151.92. (Id. ¶¶ 10, 28).

Ashe commenced the instant action with the filing of a two-count complaint, asserting a breach of contract claim in Count I and, in the alternative, an unjust enrichment claim in Count II. Ryan moves to dismiss the complaint and for summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56. The motion is fully briefed and ripe for disposition.

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

2

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### III. Discussion

Ashe claims that Ryan breached their oral contract when she stopped making payments on the loans and, in the alternative, that Ryan was unjustly enriched by the financial assistance Ashe provided.  Ryan argues that dismissal is proper because the terms of the Parent PLUS Loans indicate that Ashe is solely responsible and cannot transfer her repayment obligations to Ryan.  She also disclaims the existence of an oral contract with her mother for repayment of the loans. We will address the sufficiency of Ashe's claims *seriatim*.

#### A. Breach of Contract

The pleading requirements for a breach of contract claim based on an oral agreement are identical to those for written agreements.  Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005).  To establish a valid breach of contract claim in Pennsylvania, a plaintiff must plead "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the

3

contract[,] and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).[1] Plaintiffs need not enumerate every term "in complete detail, [but] every element must be specifically pleaded." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 658 n.20 (E.D. Pa. 2010) (quoting CoreStates, 723 A.2d at 1058). Under Pennsylvania law, the essential terms of a contract "include time or manner of performance and price to be paid." Lombardo v. Gasparinin Excavating Co., 123 A.2d 663, 666 (Pa. 1956); see also Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 585 (3d Cir. 2009).

Ashe alleges that, "[f]rom the outset, the parties agreed that [Ryan] would be responsible for making all payments on all loans following the completion of her studies and graduation." (Doc. 1 ¶ 6). Ryan purportedly agreed multiple times that she is obligated to pay the loans and, in fact, partially performed that obligation by making payments on the loans for several years. (Id. ¶¶ 7-8, 13-14). Ryan allegedly breached the oral contract when she stopped making payments on the loans in late 2016. (Id. ¶ 15). Ashe claims that Ryan's failure to make timely payments rendered

---

[1] The parties do not directly address which state's law applies to the matter *sub judice*. In responding to Ryan's arguments, Ashe relies upon Pennsylvania law and Ryan raises no objection. (See Docs. 8, 9). We conclude that Pennsylvania law is applicable.

Ashe responsible for repayment and resulted in damages in the entire amount of the loans, to wit: $103,151.92.[2] (Id. ¶¶ 10, 26, 28).

Ryan asserts that she cannot be liable because the loans' terms and conditions indicate that Ashe bears sole responsibility for the outstanding loan balances. (See Doc. 7 at 2). However, Ashe does not seek to assign or transfer her contractual obligations under the loan agreements to Ryan. Ashe seeks recognition and enforcement of an independent oral contract between herself and Ryan whereby Ryan is obligated to make the loan payments. Ryan offers no legal authority that precluded Ashe and Ryan from entering into such an oral contract.

Ryan also argues that the complaint should be dismissed because no contract exists between the parties. (Doc. 9 at 1). At the pleading stage, we are required to accept all allegations in the complaint as true. Phillips, 515 F.3d at 233. Under this standard, the facts alleged in Ashe's complaint are sufficient to raise a plausible

---

[2] Federal courts may raise jurisdictional issues *sua sponte* and are "under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (citation omitted); see also Grp. Against Smog & Pollution, Inc. v. Shenango Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016). In suits for payment of money pursuant to an ongoing contractual obligation, the amount in controversy is ordinarily limited to "the amount then due and owing, even if a judgment would have collateral estoppel effects on liability for future payments." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (citing Aetna Cas. & Sur. Co. v. Flowers, 330 U.S. 464, 467 (1947)). When a defendant repudiates the right to payment of money in its entirety, rather than only specific current payments, "the amount in controversy is the entire amount that may ever come due." Id. (citing Aetna, 330 U.S. at 469). Because Ryan denies the existence of any oral contract, she places the entire value of said contract at issue. See Spellman v. Express Dynamics, LLC, No. 15-CV-03257, 2015 WL 4569488, at *2 (D.N.J. July 28, 2015); Con-Way Transp. Servs., Inc. v. RegScan, Inc., No. 03-CV-0374, 2005 WL 1210950, at *3 (M.D. Pa. Apr. 22, 2005). We find that the outstanding balance of $103, 151.92 owed on the loans satisfies the amount in controversy for diversity jurisdiction.

inference that the parties entered into an agreement for repayment of the Parent PLUS Loans, that Ryan breached said agreement, and that Ashe suffered damages as a result. We will deny Ryan's motion to dismiss the breach of contract claim.

**B.    Unjust Enrichment[3]**

To state a claim of unjust enrichment, a plaintiff must allege that (1) he or she conferred a benefit upon the defendant; (2) that the defendant achieved a benefit; and (3) that the defendant accepted and retained the benefit under such circumstances that retention would be inequitable without payment of value. Bunnion v. Consol. Rail Corp., 108 F. Supp. 2d 403, 427 (E.D. Pa. 1999), aff'd, 230 F.3d 1348 (3d Cir. 2000); Styler v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993). The crux of an unjust enrichment claim is whether the benefit to the defendant is unjust; the doctrine does not apply simply because the defendant may have benefitted from the plaintiff's actions. Styler, 610 A.2d at 350-52.

Ashe conferred a benefit upon Ryan by taking out the Parent PLUS Loans to fund Ryan's undergraduate and graduate education. (Doc. 1 ¶¶ 4-5). Ashe plausibly alleges that excusing Ryan from repayment obligations would be unjust because Ryan obtained a significant financial benefit ($103,151.92) and was not eligible to take out the Parent PLUS Loans on her own. (Id. ¶¶ 9, 35). Moreover,

---

[3] Federal Rule of Civil Procedure 8 permits a party to plead multiple "statements of a claim" in the alternative. FED. R. CIV. P. 8(d)(2). A party may plead unjust enrichment as an alternative to breach of contract when (1) a contract encompasses only a portion of the parties' relationship, or (2) the contract's existence or validity is in dispute. Vantage Learning (USA), LLC v. Edgenuity, Inc., 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017); AmerisourceBergen Drug Corp. v. Allscripts Healthcare, No. 10-CV-6097, 2011 WL 3241356, at *3 n.4 (E.D. Pa. July 29, 2011). Ryan disputes the existence of the oral contract, which allows Ashe to plead unjust enrichment in the alternative. (Doc. 9 at 1).

6

Ashe purportedly took out the loans based on her understanding that Ryan would make the loan payments after graduation. (Id. ¶ 41). Ashe has sufficiently pled an unjust enrichment claim.

## IV. <u>Conclusion</u>

The court will deny Ryan's motion to dismiss. (Doc. 7). The court will also deny Ryan's motion for summary judgment as premature, and we note that there are numerous factual issues that must be addressed in the discovery phase of this litigation. (Doc. 7). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania

Dated:    November 2, 2018