IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE ASHE, | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:18-CV-00605 |
| v. | : | JURY TRIAL DEMANDED |
| SHANNON RYAN, | : | |
| Defendant | : | |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

**A.      BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION:**

This Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332, as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**B.      SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY:**

In 2021, Plaintiff Annette Ashe originally executed Parent Plus Student Loans ("PP loans") at the request of Defendant Shannon Ryan, her daughter, in order to pay for Defendant's educational expenses. Ongoing loans were taken out by Plaintiff for the benefit of Defendant. Following Defendant's graduation, when she had reached the age of majority, Defendant agreed to make all payments on the PP loans. The funds from the loans allowed Defendant to obtain a Bachelor of Science degree in May of 2006 and a Master of Business Administration degree in December of 2007, both from the University of Baltimore.

The parties agreed that Defendant would be responsible for making all payments on the loans following the completion of her studies. In December of 2007, Defendant was 24 years old. Defendant has continually ratified the terms of the parties' agreement, both orally and in writing, to wit: Defendant understood that the loans had been taken out on her behalf, and she further agreed to be responsible for their repayment. Note: Plaintiff is not arguing in this case that Defendant became a guarantor on the loans; rather, she contracted separately with Plaintiff and agreed to make monthly payments on the loans. Defendant, in written email communications with Plaintiff, has acknowledged the contractual agreement between the parties, and her obligation to pay on the outstanding balances.

Plaintiff Annette Ashe would not have undertaken the financial obligation of PP loans, absent the Defendant's legally binding agreement to make the payments, which Defendant has continuously ratified, both in word and in her course of performance in paying back the loans until she unilaterally breached that duty.

Defendant has breached her agreement with Plaintiff to make payments on the Parent Plus loans. As a result of Defendant's refusal to pay, Plaintiff has incurred – and will continue to incur – financial losses, the total amount of which is represented by the current, outstanding loan balance of $102,012.74

Defendant, in refusing to make any further payments on the PP loans, has been unjustly enriched. Defendant received a significant and substantial financial benefit via the receipt of loan funds, which allowed her to obtain college and post-graduate degrees and to secure employment. Plaintiff has conferred a benefit upon Defendant; Defendant has acknowledged the benefit that she received; it would be inequitable to allow

Defendant to accept and retain the benefit of the PP loans – over $100,000 in education funding she could not have gotten on her own – without paying for the value of the benefit, consistent with her agreement to do so.

Accordingly, to avoid injustice, Plaintiff is entitled to receive the full balance of the current loan amount, along with reimbursement for all payments that have been made since Defendant's refusal to meet her obligations.

## C. **STATEMENT OF UNDISPUTED FACTS:**

Plaintiff took out Parent Plus loans to be used for Defendant Shannon Ryan's education.

At the time she graduated from her Master program in December, 2007, Defendant was 23 years old.

From January 1, 2012 to September 30, 2015, Defendant paid $14,096.61 on the Parent Plus loans.

Defendant paid $385.99 per month from January 1, 2012 to December 31, 2012 on the Parent Plus loans.

Defendant paid $385.99 per month from January 1, 2013 until June 30, 2013 on the Parent Plus loans.

Defendant paid $405.79 per month from July 1, 2013 until December 31, 2013 on the Parent Plus loans.

Defendant paid $405.79 per month from January 1, 2014 until December 31, 2014.

Defendant paid $405.79 per month from January 1, 2015 until June 20, 2015 on the Parent Plus loans.

Defendant paid $426.61 per month from June 21, 2015 until September 21, 2015 on the Parent Plus loans.

Defendant's last payment of $426.21 was made on September 9, 2015.

As of November of 2016, Defendant has refused to make any payments on the Parent Plus loans.

### D.   BRIEF DESCRIPTION OF DAMAGES:

Plaintiff's damages sought are as follows:

a)   $102,012.74 representing the current remaining balance on the Parent Plus loans;

b)   Past payments by Plaintiff of $16,194.82 from 12/2016 to the present.

### E.   NAMES AND ADDRESSES OF WITNESSES / SPECIALIATIES AND QUALIFICATIONS OF EXPERTS:

Fact witnesses:

1. Plaintiff, Annette Ashe.
2. PHEAA records custodian: Plaintiff has provided PHEAA with an Affidavit for purposes of authenticating documents reflecting the current PP loan balance and anticipates introducing that in lieu of having testimony from the records custodian.
3. Defendant as on cross-examination.

Expert Witnesses:

None.

F.  **SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON:**

The legal issues in this case are relatively straightforward. Plaintiff has asserted claims for breach of contract and unjust enrichment.

**Breach of Contract:**

In Pennsylvania, a claim for breach of contract requires (1) "the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (*citing* CoreStates Bank, N.A. v. Cutillo, 1999 PA Super 14, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). With respect to the first element, a contract may be "manifest orally, in writing, or as an inference from the acts and conduct of the parties." Knapp v. Susquehanna Vill. Facility Operations, LLC., 2019 U.S. Dist. LEXIS 163413, 2019 WL 4671108 (M.D.Pa. September 24, 2019, Mariani, J.)

**Unjust Enrichment:**

To recover for unjust enrichment, a plaintiff must demonstrate (1) "plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." Gov't Emples. Ins. Co. v. Nealey, 262 F. Supp. 3d 153, 173 (E.D.Pa. June 13, 2017) (*citing* Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005)). Furthermore, "unjust enrichment is an equitable remedy under Pennsylvania law that allows a court to imply a contract where none exists and require

the offending party to pay the benefit of any value received. Goldstein v. Elk Lighting, Inc., 2013 U.S. Dist. LEXIS 30569 (M.D. Pa. 2013).

Plaintiff believes that the evidence presented at trial will demonstrate that a contract existed, that Defendant breached it, and that Plaintiff is entitled to damages as a result. Further, Plaintiff believes that she would be entitled to the same remedy based on the quasi-contractual theory of unjust enrichment, in that a benefit was conferred, appreciated and retained by Defendant under circumstances where it would be manifestly unjust to allow such retention absent Defendant's payment for it.

### G. STIPULATIONS DESIRED:

Plaintiff requests stipulations as to the authenticity of emails and text messages between the parties. However, Plaintiff is prepared to establish at trial, through the testimony of Plaintiff and the under-oath admissions by Defendant during her deposition testimony, that the emails and text messages between the parties are what they purport to be.

### H. PLAINTIFF'S EXHIBITS:

1. Complaint
2. Answer
3. Emails between the parties (previously marked as Ryan deposition Exhibit 1)
4. Emails between the parties (previously marked as Ryan deposition Exhibit 2)
5. Emails between the parties (previously marked as Ryan deposition Exhibit 3)

6. Text messages between the parties (previously marked as Ryan deposition Exhibit 4)

7. Defendant's Answers to Plaintiff's Interrogatories

8. Plaintiff's Answers to Defendant's Interrogatories, including attached loan documents.

9. Plaintiff's Supplemental Answers to Defendant's Interrogatories, including attached student loan data.

10. PHEAA PP statement for 4/7/20 reflecting current loan balance

11. Affidavit from PHEAA records custodian re: authenticity of loan balance records (Plaintiff anticipates introduction of this affidavit in lieu of testimony by the records custodian, who has been subpoenaed.)

12. Defendant's student loan information previously identified as Ryan Bates numbers 1-71 in Defendant's discovery responses.

13. Defendant's checking account information previously identified as Ryan Bates numbers 464-491 in Defendant's discovery responses.

14. Bank statements previously identified as Ryan Bates numbers 72-463 in Defendant's discovery responses.

15. Defendant's "Timeline of Events" document previously identified as Ryan Bates number 001 in Defendant's discovery responses.

16. Plaintiff reserves the right to use all exhibits identified by Defendant.

**I.**   **ESTIMATED NUMBER OF TRIAL DAYS:**

One.

                        Respectfully submitted,

                        JOHNSON, DUFFIE, STEWART & WEIDNER

DATE: 4/21/21             By: /s/ Anthony T. Lucido
:1270684                    Anthony T. Lucido, Esquire
                                 301 Market Street, P O Box 109
                                 Lemoyne, PA 17043
                                 (717) 761-4540
                                 alucido@johnsonduffie.com
                                 Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

**AND NOW,** this 21st day of April, 2021, the undersigned does hereby certify that she did this date serve a copy of the foregoing *Plaintiff's Pre-Trial Memorandum* upon the other parties of record by e-mailing, addressed as follows:

Shannon Ryan
10220 3rd Avenue SE
#1226
Everett, WA 98208
sryan@live.com
*Pro Se Defendant*

JOHNSON, DUFFIE, STEWART & WEIDNER

By: /s/ Carleen S. Jensen
Carleen S. Jensen