FILED
HARRISBURG, PA
MAY -3 2021
PER ___Iga___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE ASHE, <br>     Plaintiff | |
| v. | Civil Action No. 1:18-CV-00605 |
| SHANNON RYAN, <br>     Defendant | |

## **DEFENDANT'S PRE-TRIAL MEMORANDUM**

A. **BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION**

This Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332, as the parties are citizens of different states and the alleged amount in controversy, exclusive of interest and costs, exceeds $75,000.

B. **SUMMARY STATEMENT OF FACTS AND CONTENSIONS AS TO LIABILITY**

In 2001, the Plaintiff Annette Ashe, executed Parent Plus Student Loans to pay for the Parent Contribution portion of the Defendant's education. In order to qualify for this specific program, the Plaintiff, submitted her personal tax information to the Free Application for Federal Student Aid (FAFSA). A determination was made for the expected Parental Contribution amount and started the Parent Plus Loan application process. Some of the funds received helped to finance her daughter, Shannon Ryan's, undergraduate degree. FAFSA and Parent Plus loans were re-certified annually until May 2006 when the Defendant graduated with a Bachelor of Science Undergraduate Degree.

When payments became due to the loan servicer, the Plaintiff became uncomfortable with amount of the payments and overall size of the loans. She then started requiring money from the Defendant, to the detriment of the Defendant's own educational loans and financial goals. The Plaintiff would get particularly upset if the Defendant stated she did not have the money or the loans were not her financial responsibility. This resulted in years of coerced payments until 2015, to maintain family harmony. The Plaintiff would threaten to cut off contact with family members, sue the Defendant and put the Defendant's career at risk, if payments were not made on the Parent Plus Loans. In 2015, the Defendant stopped making payments on the Parent Plus Loans.

While the Plaintiff alleges a breach of contract, no contract exists or existed. No documentation of such agreement was provided for the period of 2000 to 2007, which is when the Plaintiff alleges the agreement was made in her Complaint. In fact, no documentation including loan documents, were presented in discovery prior to 2011. This

is 11 years after the alleged agreement is said to have begun.

The Parent Plus Loan program is a relatively strict program, laying out relatively direct guidelines. And while the Plaintiff's legal team, is stating they are not arguing the Defendant is a guarantor on the loans, they are violating the terms and conditions of the loan program agreement. The program terms are written specifically so cases like this one, do not end up in the court system. This accounts for the reason no precedent has been set involving Parent Plus Student Loan repayment required by children.

The Plaintiff is also claiming unjustly enrichment. The Plaintiff, the mother of the Defendant, holds a graduate degree and multiple certifications across multiple states. The Plaintiff's ex-husband, the Defendant's late father, held a Bachelor's Degree from an Ivy League College and a PhD. Most parents do what is necessary. to have their children be more successful or achieve more than they do. A college education was an expectation, not a choice in the Defendant's household and discussed from the time she was a small child.

It would be unjust enrichment if any award were made in her favor. The loan central to the lawsuit has a growing list of avenues for dismissal and is being considered along with other Student Loans for at least partial forgiveness by the US Congress. The Plaintiff has already been paid over $15,000 by the Defendant toward these loans, which the Defendant is not currently planning to pursue.

C. <u>STATEMENT OF UNDISPUTED FACTS</u>

Plaintiff took out Parent Plus Loans to be used for the Defendant Shannon Ryan's undergraduate education.

At the time she graduated from her Master's Program, in December, 2007, Defendant was 23 years old.

From January 1, 2012 to September 30, 2015, Defendant paid $14,096.61 on the Parent Plus Loans.

Defendant paid $299.99 per month from January 1, 2012 to December 31, 2012 on the Parent Plus Loan.

Defendant paid $299.99 per month from January 1, 2013 to June 30, 2013 on the Parent Plus Loan

Defendant paid $319.79 per month from July 1, 2013 to December 31, 2013 on the Parent Plus Loan.

Defendant paid $319.79 per month from January 1, 2014 until December 31, 2014.

Defendant paid $319.79 per month from January 1, 2015 until June 20, 2015 on the Parent Plus Loans.

Defendant paid $340.61 per month from June 21, 2015 until September 21, 2015 on the Parent Plus Loans.

As of November 2016, Defendant has not paid anything further on the Parent Plus Loans.

D. **BRIEF DESCRIPTION OF DAMAGES**

Lawyers' fees of $10,000 for previously retained counsel
Medical Costs of $10,000 due to post-concussion syndrome relapse due to stress from the trial.
Intentional Infliction of Emotional and Physical Distress

E. **NAMES AND ADDRESSES OF WITNESSES/SPECIALIATIES AND QUALIFICATIONS OF EXPERTS:**

Fact Witnesses:
1. Defendant, Shannon Ryan
2. Plaintiff as Cross Examination

Expert Witnesses:

None

F. **SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON:**

The legal issues in this case are relatively straight forward, no alleged contractual agreement exists and the Defendant was not unjustly enriched.

Breach of Contract:

In Pennsylvania, a claim for breach of contract requires (1) "the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract (3) resultant of damages. The Plaintiff's Complaint alleges a contract begun in 2001 but has provided no evidence of such an agreement.

Unjust Enrichment:
To recover for unjust enrichment, a plaintiff must demonstrate (1) "plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit."

The Plaintiff has not demonstrated unjust enrichment as the Plaintiff was only fulfilling her financial obligations assigned by the FAFSA determination. The Defendant, was still

required to go to classes, complete homework and take exams to make use of the financial contribution. The Plaintiff was not responsible for the success or detriment of the Defendant in her course work.

Defendant believes that the evidence presented at trial will demonstrate no contract exists between the Plaintiff and the Defendant, any payments made were done so due to coercion and the Plaintiff is not entitled to damages. The Plaintiff provided financial resources deemed appropriate by FAFSA, nothing further and is not entitled to any payment for the hard work and dedication the Defendant personally applied for her education.

G. STIPULATIONS DESIRED:

None

H. DEFENDANT'S EXHIBITS:

1. Plaintiff's Complaint
2. Defendant's Answer
3. Defendant's MOHELA Loan Statement from January 9, 2019
4. Public Domain Free Application for Federal Student Aid (FASFSA) Form (Blank)
5. Public Domain Federal Direct Plus Loan Blank Application
6. Public Domain Federal Direct PLUS Loan Request Supplemental Information – William D. Ford Federal Direct Loan Program
7. Defendant's Federal Student Aid Department of Education National Student Loan Data System (NSLDS) Statement for Shannon E. Ryan
8. Plaintiff's Letter from Law Office of Meredith Allie, LLC. Dated September 6, 2017
9. Plaintiff's Pre-Trail Memorandum dated April 21, 2021
10. Defendant reserves the right to use all exhibits identified by the Plaintiff.

I. ESTIMATED NUMBER OF TRIAL DAYS:

The probable length of trial is 1 day.

Date: 4/30/2021

Respectfully Submitted,
Shannon Ryan
Pro Se
14777 Wunderlich Drive #712
Houston, TX 77069
(443) 618-1074
sryan@live.com

## Certificate of Service

AND NOW, this 30th day of April, 2021, the undersigned does hereby certify that she did this date serve a copy of the foregoing Defendant's Pre-Trail Memorandum upon the other parties of record by emailing, addressed as follows:

Anthony T. Lucido
Johnson Duffie Steward & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA 17043
alucido@johnsonduffie.com

By: _____
Shannon Ryan
Pro-Se Defendant